**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee*, | No. 11-50277 |
| | D.C. No.<br>3:10-cr-04882-LAB-1 |
| v. | |
| BRIGIDO LOPEZ-CHAVEZ,<br>*Defendant-Appellant*. | OPINION |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted
January 6, 2014—Pasadena, California

Filed July 3, 2014

Before: Alex Kozinski, Chief Judge, and Stephen Reinhardt
and Richard R. Clifton, Circuit Judges.

Opinion by Judge Reinhardt

## SUMMARY[*]

### Criminal Law

The panel reversed a criminal judgment and remanded for dismissal of an indictment charging illegal reentry under 8 U.S.C. § 1326 in a case in which Brigido Lopez-Chavez argued that his attorney in the immigration proceedings provided ineffective assistance of counsel.

The panel held that Lopez-Chavez received ineffective assistance of counsel, where his attorney (1) conceded removability based on Lopez-Chavez's prior conviction for possession of marijuana with intent to deliver under Missouri Revised Statutes § 195.211, which covers conduct that may fit under either the felony or the misdemeanor provisions of the Controlled Substances Act; and (2) failed to pursue appellate proceedings that the BIA had announced could result in a holding that Lopez-Chavez's conviction did not constitute a removable offense. The panel held that counsel's conduct prevented Lopez-Chavez from reasonably presenting his case, rendered the proceedings fundamentally unfair, and resulted in prejudice.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Harini P. Raghupathi, Federal Defenders of San Diego, San Diego, California, for Defendant-Appellant.

Mark R. Rehe (argued), Assistant United States Attorney; Laura E. Duffy, United States Attorney; Bruce R. Castetter, Assistant United States Attorney, San Diego, California, for Plaintiff-Appellee.

**OPINION**

REINHARDT, Circuit Judge:

Brigido Lopez-Chavez challenges his conviction for criminal reentry by making a collateral attack on his underlying removal order. He argues that his attorney in the immigration proceedings provided ineffective assistance of counsel in erroneously conceding his removability, failing to appeal the removal order to the Board of Immigration Appeals ("BIA"), and failing to petition the Seventh Circuit for review. He asserts that counsel's ineffective performance was prejudicial because Lopez-Chavez's state crime of conviction—possession of marijuana with intent to deliver under Missouri Revised Statutes § 195.211—did not constitute an aggravated felony under the Immigration and Nationality Act ("INA"). We hold that Lopez-Chavez received ineffective assistance of counsel throughout the immigration proceedings, that he was deprived of his right to due process, that the proceedings were fundamentally unfair, and that the indictment for criminal reentry must be dismissed.

**I.**

Brigido Lopez-Chavez is the son of a seasonal agricultural laborer who originally came to work in the United States through the Bracero Program. In 1984, when his father began to have health problems and could no longer endure the physically demanding work in the fields, Lopez-Chavez came to Live Oak, California, and worked picking lemons, cherries, apples, strawberries, grapes, and lettuce, in order to help support his family. In 1986, Lopez-Chavez moved to St. Louis, Missouri, where he worked as a busboy and then a prep cook in a Chinese restaurant. On December 1, 1990, Lopez-Chavez became a legal permanent resident. He paid taxes and purchased a mobile home but was still able to send money home to his parents in Mexico to which his father had returned. Lopez-Chavez also helped his sister and her family and his brother and his family settle into St. Louis and find employment.

On February 7, 2003, Lopez-Chavez was convicted of possessing marijuana with intent to deliver under Missouri Revised Statutes § 195.211. He received a sentence of 90 days with work release authorization and five years probation. On June 13, 2003, he was issued a Notice to Appear ("NTA") that set forth five factual allegations: (1) Lopez-Chavez was not a citizen or national of the United States, (2) he was a native and citizen of Mexico, (3) he entered the country without inspection, (4) he adjusted to the status of Legal Permanent Resident in 1990, and (5) he was convicted for the offense of "Possession with Intent to Deliver a Controlled Substance, a Class B Felony, in violation of Section 195.211" of the Missouri Revised Statutes. On the basis of those allegations, he was charged as being removable under INA § 237(a)(2)(A)(iii) as having

"been convicted of an aggravated felony as defined in Section 101(a)(43)(B) of the Act, an offense relating to the illicit trafficking in a controlled substance, as described in section 102 of the Controlled Substances Act, including a drug trafficking crime, as defined in section 924(c) of Title 18, United States Code."

Attorney Pari Sheth entered an appearance as Lopez-Chavez's counsel. Before the removal hearing had taken place, Sheth inexplicably filed a "motion to reopen and for a stay of deportation proceedings pending a bond hearing." At the removal hearing, Sheth conceded all five factual allegations of the NTA. When the Immigration Judge ("IJ") asked for a response to the charge that Lopez-Chavez had been convicted of an aggravated felony, Sheth and the IJ had the following exchange:

> IJ: And charge? (long pause) Yes, I'm still waiting.
>
> PS:    Right. He admits to part of it. Denies part of it.
>
> IJ: Well there's only one part really that, and that is that after admission you have been convicted as a aggravated, of an aggravated felony under 101(a)43(b). That's it.
>
> PS:    Okay. You're right sir.
>
> IJ: So I don't see how it's divisible really.
>
> PS:    He admits it.

> IJ: Okay. I find I agree. I find that the respondent is removable as charged.

Sheth reserved Lopez-Chavez's right to appeal, but did not file an appeal of the removal order with the BIA, nor did he petition the Court of Appeals for the Seventh Circuit for review;[1] finally, he did not discuss with Lopez-Chavez the possibility of challenging the aggravated felony charge. Lopez-Chavez was deported on August 1, 2003.

On September 30, 2010, Lopez-Chavez was arrested at the San Ysidro, California, Port of Entry, pedestrian facility, where he had attempted to elude inspection. He was indicted for attempted reentry under 8 U.S.C. § 1326(a) and (b) and illegal entry under 8 U.S.C. § 1325. Lopez-Chavez moved to dismiss the illegal reentry charge by collaterally attacking the underlying removal order. He argued that his removal was invalid, and in violation of his right to due process, because his immigration attorney had provided ineffective assistance throughout the removal proceedings and because the state conviction for possession with intent to deliver did not constitute an aggravated felony under the INA. The district judge denied the motion. Lopez-Chavez pleaded guilty to count one, the attempted reentry charge, reserving the right to appeal the district court's denial of his motion to dismiss the

---

[1] Although the Notice to Appear orders Lopez-Chavez to appear at a St. Louis address, the Order of the Immigration Judge was issued from Chicago, Illinois. "The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). Here, the proceedings were completed in Chicago, Illinois, as shown on the Order of the Immigration Judge recording the order of removal. The parties agree that Seventh Circuit law would have applied had Lopez-Chavez appealed the removal order to the BIA and then to the appropriate circuit.

indictment based on an invalid deportation.  Lopez-Chavez appeals.

## II.

"We review de novo the district court's denial of a motion to dismiss an 8 U.S.C. § 1326 indictment when the motion to dismiss is based on alleged due-process defects in the underlying deportation proceeding." *United States v. Moriel-Luna*, 585 F.3d 1191, 1196 (9th Cir. 2009).

## III.

"Because the underlying removal order serves as a predicate element of an illegal reentry offense under § 1326, a defendant charged with that offense may collaterally attack the removal order under the due process clause." *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1042 (9th Cir. 2012) (quoting *United States v. Pallares-Gallan*, 359 F.3d 1088, 1095 (9th Cir. 2004)).  In order to prevail on such an attack, a defendant must show, among other things,[2] that the removal was "fundamentally unfair."  8 U.S.C. § 1326(d)(3).  A removal is "fundamentally unfair" if the defendant's due process rights were violated in the removal proceedings and he suffered prejudice as a result.  *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004).

---

[2] Under 8 U.S.C. § 1326(d), an alien may not collaterally attack the deportation unless: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." *See also United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004).

In his motion to dismiss the indictment, Lopez-Chavez argued that the removal was fundamentally unfair because he received ineffective assistance of counsel throughout the removal proceedings and because his state crime of conviction was not an aggravated felony as defined in federal law. The district court denied the motion. We agree with Lopez-Chavez that his due process rights were violated in the removal proceedings, that he suffered prejudice as a result, that the removal order was fundamentally unfair, and that the indictment must be dismissed.

**A**

To determine whether Lopez-Chavez received ineffective assistance of counsel, we first consider the question whether his state crime of conviction—possession of a controlled substance with intent to deliver, a violation of Missouri Revised Statutes § 195.211—had been held to be an aggravated felony under the INA at the time of the immigration proceedings. We then examine the question whether his counsel rendered ineffective assistance of counsel in conceding that Lopez-Chavez was convicted of an aggravated felony under the INA and whether counsel's performance resulted in prejudice that rendered his removal fundamentally unfair.

Lopez-Chavez was charged as removable on the ground of having "been convicted of an aggravated felony as defined in Section 101(a)(43)(B)" of the INA. To determine whether Lopez-Chavez's conviction qualifies as an aggravated felony, we look "to whether 'the state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding aggravated felony." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (quoting *Gonzales v.*

*Duenas-Alvarez*, 549 U.S. 183, 186 (2007)). "[A] state offense is a categorical match with a generic federal offense only if a conviction of the state offense 'necessarily' involved facts equating to the generic federal offense." *Id.* (citing *Shepard v. United States*, 544 U.S. 13, 24 (2005) (plurality opinion) (alterations and internal quotation marks omitted)).

The Controlled Substances Act treats possession of marijuana with intent to distribute as a felony, except that "distributing a small amount of marihuana for no remuneration" is a misdemeanor. 21 U.S.C. § 841(a) & (b); *Moncrieffe*, 133 S. Ct. at 1685–86.[3] Missouri Revised Statutes § 195.211,[4] however, criminalizes conduct that may

---

[3] "Sharing a small amount of marijuana for no remuneration, let alone possession with intent to do so, does not fit easily into the everyday understanding of trafficking, which ordinarily means some sort of commercial dealing." *Moncrieffe*, 133 S. Ct. at 1693 (internal citation and quotation marks omitted).

[4] The statute states in relevant part:

> 1. [I]t is unlawful for any person to distribute, deliver, manufacture, produce or attempt to distribute, deliver, manufacture or produce a controlled substance or to possess with intent to distribute, deliver, manufacture, or produce a controlled substance.
>
> . . . .
>
> 3. Any person who violates or attempts to violate this section with respect to any controlled substance except five grams or less of marijuana is guilty of a class B felony.
> 4. Any person who violates this section with respect to

fit under either the felony or the misdemeanor provisions of the Controlled Substances Act, because convictions under the Missouri statute can involve small amounts of marijuana distributed for no remuneration; yet all the conduct prohibited by the Missouri statute constitutes a felony under state law. *See, e.g.*, *State v. Kellner*, 103 S.W.3d 363, 365–66 (Mo. Ct. App. 2003) (distribution includes being in possession of a substance and giving it to another person); *State v. Lawson*, 232 S.W.3d 702, 705 & n.5 (Mo. Ct. App. 2007) (to show intent to distribute, the state need not show that a defendant was dealing drugs but that he "had the intent merely to give or otherwise transfer [the substance] to someone else"); *State v. Hairston*, 268 S.W.3d 471, 473, 476 (Mo. Ct. App. 2008) (conviction for intent to distribute small amount (24.74 grams) of marijuana). Thus, Lopez-Chavez's statute of conviction, the Missouri statute, covers conduct included in the misdemeanor provisions of the Controlled Substances Act, as well as conduct that falls within its felony provisions.

At the time of Lopez-Chavez's removal proceedings in 2003, there was a circuit split as to whether a conviction that is treated as a felony under state law but as a misdemeanor under federal law can be treated as an aggravated felony under the Controlled Substances Act. *Lopez v. Gonzales*, 549 U.S. 47, 53 (2006); *see also Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 910 (9th Cir. 2004). The Second and Third Circuits, joined shortly thereafter by the Ninth Circuit, applied the rule adopted by the Supreme Court in *Lopez* and central to *Moncrieffe*. *Aguirre v. INS*, 79 F.3d 315, 317 (2d

---

distributing or delivering not more than five grams of marijuana is guilty of a class C felony.

Mo. Rev. Stat. § 195.211.

Cir. 1996); *Gerbier v. Holmes*, 280 F.3d 297, 312 (3d Cir. 2002); *Cazarez-Gutierrez*, 382 F.3d at 910 (9th Cir. 2004); *see also In re Yanez-Garcia*, 23 I. & N. Dec. 390, 394–96 (BIA 2002) (en banc). The *Lopez/Moncrieffe* rule holds that "[u]nless a state offense is punishable as a federal felony it does not count" as a felony punishable under the Controlled Substances Act. *Lopez*, 549 U.S. at 55. In other words, "to satisfy the categorical approach, a state drug offense must meet two conditions: It must 'necessarily' proscribe conduct that is an offense under the [Controlled Substances Act] and the [Controlled Substances Act] must 'necessarily' prescribe felony punishment for that conduct." *Moncrieffe*, 133 S. Ct. at 1685. In contrast, several other circuits, including the Fifth Circuit, had concluded that a drug offense that is punishable under the Controlled Substances Act is an aggravated felony under the INA so long as it is a felony under state law. *United States v. Hernandez-Avalos*, 251 F.3d 505, 508 (5th Cir. 2001); *see also Yanez-Garcia*, 23 I. & N. Dec. at 395.

In the face of this conflicting circuit law, in 2002 the BIA adopted a bifurcated rule in its precedential decision *In re Yanez-Garcia.* Where a circuit had spoken, it would use the rule of the circuit. 23 I. & N. Dec. at 396–97. Where a circuit had not spoken, it would apply the Fifth Circuit rule, i.e., "a state drug offense that is classified as a felony under the law of the convicting state [is permitted] to qualify as a felony under the [Controlled Substances Act] even if it could only be punished as a misdemeanor under federal law." *Id.* at 395. If a circuit subsequently spoke, however, the BIA held that on remand it would apply whatever rule the circuit adopted. *See id.* at 396–98; *see also, e.g.*, *In re Harris*, A41-660–573, 2006 WL 2803374, at *1 (BIA July 25, 2006) (unpublished) (remanding case to the IJ to apply the Seventh

Circuit's rule after it had spoken in *Gonzales-Gomez v. Achim*, 441 F.3d 532 (7th Cir. 2006) (Posner, J.)).

When Lopez-Chavez's hearing before the IJ commenced, the Seventh Circuit had not yet decided the question that divided the circuits, although it would do so soon thereafter. *See Garcia v. Ashcroft*, 394 F.3d 487, 490 (7th Cir. 2005) (noting that the question remained open). Thus, although an IJ in the Seventh Circuit was bound to follow the BIA's default rule, an alien had a clear path to a contrary ruling by petitioning the Seventh Circuit for review. In short, in 2003 the BIA would apply the default rule to an appeal filed within the Seventh Circuit but the ruling would become effective only if the alien failed to petition the Seventh Circuit for review or otherwise failed to obtain a favorable decision from that court as to the rule to be applied. In fact, in 2006, only three years after Lopez-Chavez's removal hearing, an alien did petition the Seventh Circuit, which unhesitatingly adopted the rule followed by the Second, Third, and Ninth Circuits (and later the Supreme Court), and remanded the petition to the BIA for the application of that rule. *Gonzales-Gomez*, 441 F.3d at 533. Upon receiving the remand from the Seventh Circuit, the BIA in accordance with *Yanez-Garcia* vacated its holding and applied the newly adopted Seventh Circuit rule to the petitioner. *In re Gonzalez-Gomez*, No. A73 360 554 (BIA May 8, 2007) (unpublished). Specifically, the Seventh Circuit held that a state-law felony that is punished as a misdemeanor by federal law is not an aggravated felony for purposes of the INA. *Gonzales-Gomez v. Achim*, 441 F.3d at 533. In other words, the Seventh Circuit adopted the rule ultimately adopted by the Supreme Court in *Lopez*, 549 U.S. at 55, and rejected the rule that the IJ had applied in Lopez-Chavez's case. The court explained that the BIA's position was "inconsistent with the interest in uniform

standards for removal, and is inconsistent with the legislative history." *Gonzales-Gomez*, 441 F.3d at 533. "Allowing [relief] to depend on how severely a particular state punishes drug crimes," the Seventh Circuit said, "would have the paradoxical result of allowing states, in effect, to impose banishment from the United States as a sanction for a violation of state law." *Id.* at 535.

The Missouri statute of conviction covers conduct that falls within both the felony and misdemeanor provisions of the Controlled Substances Act. Under the rule adopted by the Seventh Circuit when it first decided the issue in 2006, convictions such as Lopez-Chavez's constituted aggravated felonies for the purposes of the INA only if they were punishable as felonies under federal law.[5] *Gonzales-Gomez*, 441 F.3d at 533. Also, under the then-applicable rules of the BIA, the BIA was required to apply the Seventh Circuit's rule to the petitioner in the case in which the rule was first announced and to all subsequent petitioners. Thus, had Lopez-Chavez's counsel challenged the IJ's ruling regarding the classification of his conviction as an aggravated felony, that ruling almost certainly would have been reversed.

---

[5] Although some circuits held, before being definitively reversed by the Supreme Court under *Moncrieffe v. Holder*, that a conviction under a statute that criminalizes conduct described by both the felony and the misdemeanor provisions of 21 U.S.C. § 841 constituted a felony under the Controlled Substances Act, the Seventh Circuit was not among them. 133 S. Ct. at 1684 n.3. The government does not argue otherwise.

**B**

**1**

A competent immigration attorney would have been aware of *Yanez-Garcia*, 23 I. & N. Dec. 390, one of the few precedential decisions ever issued by the BIA on the precise question of when a state drug offense may be considered to be an aggravated felony under the INA. That decision explicitly states that the BIA will defer to "applicable circuit authority" on the issue. *Id.* at 396. A competent immigration attorney would, moreover, have determined following minimal research that the question was an open one in the Seventh Circuit. In the face of such a clear basis for appealing Lopez-Chavez's removal order, no competent attorney would have conceded that his conviction was for an aggravated felony under the INA, and no competent attorney would have failed to appeal to the BIA and then petition the Seventh Circuit to answer the dispositive open question. Lopez-Chavez's attorney inexcusably failed in both of these ways: he erroneously conceded Lopez-Chavez's removability and failed to pursue appellate proceedings that the BIA had announced could result in a holding that Lopez-Chavez's conviction did not constitute a removable offense. These two actions on counsel's part alone unquestionably constituted ineffective assistance, although we note that, in addition, counsel first reserved the right to appeal and then failed to do so without advising Lopez-Chavez of his rights or discussing the possibility of an appeal with him.

There is no constitutional right to counsel in deportation proceedings, but due process must be accorded under the Fifth Amendment. *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000). To establish ineffective

assistance of counsel in immigration proceedings in violation of the right to due process, a petitioner must show (1) that "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case," and (2) prejudice. *Lin v. Ashcroft*, 377 F.3d 1014, 1023 (9th Cir. 2004) (quoting *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985)).

An alien's "right to a full and fair presentation of his claim include[s] the right to have an attorney who would present a viable legal argument on his behalf supported by relevant evidence, if he could find one willing and able to do so." *Id.* at 1025. In cases in which an attorney did not make a considered determination as to the viability of arguments that would benefit an alien, we have held that the alien received ineffective assistance. In *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 835 (9th Cir. 2011), we found an attorney to be ineffective where she did not have "sufficient knowledge of the facts to make a strategic judgment based on the plausible statutory interpretations." In *Mohammed v. Gonzales*, 400 F.3d 785, 794 (9th Cir. 2005), an attorney's failure to raise female genital mutilation as part of an asylum claim was found to be ineffective. We have also found failure to perform legal research to be ineffective performance by an attorney. In *Lin*, the attorney's "lack of preparation prevented her from researching and preparing basic *legal* arguments fundamental to the asylum claim." 377 F.3d at 1024. Similarly, the Third Circuit held that counsel may have been ineffective when, among other errors, he "had not done enough research to know of the impending [CAT] treaty, let alone whether it would apply to [his client's] claim." *Rranci v. Att'y Gen. of U.S.*, 540 F.3d 165, 175 (3d Cir. 2008). The BIA, too, has found ineffective assistance of counsel and allowed the withdrawal of a

concession where an attorney conceded removability after "failing to research and advise a client that there [was] no sound basis for the charges." *In re Shafiee*, No. A24 107 368, 2007 WL 1168488, at *1 (BIA Mar. 2, 2007) (unpublished).

Here, it is evident that Lopez-Chavez's counsel failed to do the minimal research that would have allowed him to acquire an understanding of immigration proceedings and would have revealed the key precedential BIA decision concerning the ground for Lopez-Chavez's removability, *Yanez-Garcia*. Although, in the colloquy with the IJ, counsel appeared to begin by conceding the charge "in part" and denying it "in part"—an illogical response to the charge—he almost immediately conceded the charge in full when the IJ pointed out to him that there was no concession to be made only in part. Counsel then acknowledged without pause, and without cause, that the IJ was correct and made his unqualified concession. Moreover, the remainder of the colloquy with the IJ showed counsel's utter lack of understanding of the nature of immigration proceedings.[6] Here, as a result of counsel's erroneous and uninformed concession that Lopez-Chavez was removable and of his failure to pursue that open question (in the Seventh Circuit) through the available appellate fora, Lopez-Chavez was prevented from "reasonably presenting his case." *Lin*, 377 F.3d at 1023.

The government has not suggested, nor have we discovered, any strategic or tactical reason why Lopez-

---

[6] Lopez-Chavez's attorney showed a profound and fundamental lack of understanding of immigration proceedings by, for instance, filing a motion to reopen before the removal hearing had taken place or the removal order had been issued.

Chavez's counsel would have conceded that Lopez-Chavez was convicted of an aggravated felony under the INA and thereby ensured his client's swift removal. *See Singh v. Holder*, 658 F.3d 879, 886 (9th Cir. 2011) ("It is nigh impossible to imagine how a competent attorney would make a conscious decision to pursue a course leading to certain failure, when faced with several paths to success."). Nothing in the transcript or in the record suggests that this was a strategic or tactical decision, let alone an informed one. Counsel's concession of Lopez-Chavez's removability was particularly grave because it amounted to counsel "giv[ing] up 'the only defense available.'" *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1422 (2009). The "serious consequences of the admission . . . were as clear then as they are now." *Santiago-Rodriguez*, 657 F.3d at 835.

The government argues that it is not ineffective assistance of counsel to fail to anticipate later decisions of the court. "[A] lawyer cannot be required to anticipate [the court's] decision in [a] later case, because his conduct must be evaluated for purposes of the performance standard of *Strickland* 'as of the time of counsel's conduct.'" *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (quoting *Strickland v. Washington*, 466 U.S. 668, 690 (1984)). "A lawyer's zeal on behalf of his client does not require him to file a motion which he knows to be meritless on the facts and the law." *Id.* Here, however, counsel's ineffectiveness did not depend on a later change in law, nor at the time of the removal proceedings was it "meritless." The BIA's governing decision had made clear that the BIA would follow the law of the circuit when a circuit spoke on the issue. Because the Seventh Circuit had not yet spoken, a competent counsel would have pursued that avenue of relief as suggested by the BIA's decision in *Yanez-Garcia*. It was therefore ineffective

for an attorney to fail to pursue the open issue, just as it was ineffective to stipulate that Lopez-Chavez had committed a deportable offense when the question remained open at the time of the concession.

In sum, Lopez-Chavez's counsel's conduct not only "prevented [Lopez-Chavez] from reasonably presenting his case" but rendered the proceedings "fundamentally unfair." *Lin*, 377 F.3d at 1023.

**2**

To show ineffective assistance of counsel in immigration proceedings, Lopez-Chavez must show not only, as he has, that his counsel's deficient performance rendered the proceedings fundamentally unfair, but also that counsel's performance resulted in prejudice. *Correa-Rivera v. Holder*, 706 F.3d 1128, 1133 (9th Cir. 2013) (internal quotation marks omitted). "We find prejudice 'when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings.'" *Id.* (quoting *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999)). Here, we have unusually clear evidence of what the outcome of Lopez-Chavez's case would have been had he received effective assistance of counsel. As explained above, less than three years after Lopez-Chavez was ordered removed, the Seventh Circuit, in a case posing the issue that was decisive in Lopez-Chavez's case, decided the open question and adopted the rule previously announced by the Second, Third, and Ninth Circuits—a rule under which Lopez-Chavez would have been found ineligible for removal. *Gonzales-Gomez v. Achim*, 441 F.3d 532, 533 (7th Cir. 2006). It follows that, had counsel presented the Seventh Circuit with the question of which rule to adopt, Lopez-Chavez's order of removal would

have been held unlawful and would not have gone into effect.[7] Thus, Lopez-Chavez's counsel's ineffectiveness not only may have affected, but actually did, "affect[] the outcome of the proceedings."

We thus conclude that Lopez-Chavez has shown ineffective assistance of counsel in his immigration proceedings in violation of his right to due process, as well as the requisite prejudice.

## C

Because Lopez-Chavez received ineffective assistance of counsel in his immigration proceedings in violation of due process, and was prejudiced thereby, he has necessarily established that for the purposes of the collateral attack on his removal, "the entry of the order [of removal] was

---

[7] Similarly, if the modified categorical approach had been used, Lopez-Chavez would easily have shown that the ineffective assistance "may have affected the outcome of the proceedings." *Correa-Rivera*, 706 F.3d at 1133. It is clear from the record that the documents that may be considered under the modified categorical approach do not establish "that the offense involved either remuneration or more than a small amount of marijuana." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1693 (2013). We reject the government's contention that the federal misdemeanor exception for "distributing a small amount of marihuana for no remuneration," 21 U.S.C. § 841(b)(4), applies only to distribution and not to possession with intent to distribute, Lopez-Chavez's crime of conviction. Lopez-Chavez and the Third Circuit are correct that this distinction leads to absurd results insofar as "it is impossible to conceive of a case in which someone could distribute a drug but not, at least for an instant, actually or constructively possess the drug with intent to distribute," and thus "every defendant who fell under Section 841(b)(4) would also be excluded from it by virtue of the fact that he or she also necessarily possessed the marijuana in the act of distributing it." *Wilson v. Ashcroft*, 350 F.3d 377, 382 n.4 (3d Cir. 2003).

fundamentally unfair," thus meeting the principal statutory requirement under 8 U.S.C. § 1326(d). *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) . The remaining two requirements for a collateral attack are procedural: a defendant must show (1) that he "exhausted any administrative remedies that may have been available to seek relief against the order," and (2) that the removal proceedings "deprived [him] of the opportunity for judicial review." *Id.* at 1048 n.6 (quoting 8 U.S.C. § 1326(d)(1)–(2)). Just as it rendered the proceeding fundamentally unfair, counsel's ineffectiveness also caused Lopez-Chavez's failure to exhaust administrative remedies and deprived him of his opportunity for judicial review. *United States v. Gonzalez-Villalobos*, 724 F.3d 1125, 1131 n.9 (9th Cir. 2013); *see also United States v. Cerna*, 603 F.3d 32, 35 (2d Cir. 2010). The government's principal argument in response is that Lopez-Chavez cannot rely on ineffective assistance of counsel because he failed to comply with *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Assuming arguendo that *Lozada* is applicable to proceedings under 8 U.S.C. § 1326, the rule would in any event be of no effect here. The *Lozada* requirements need not be applied where the ineffective assistance of counsel is "clear and obvious" from the record, as it is here. *Hernandez-Mendoza v. Gonzales*, 537 F.3d 976, 978 (9th Cir. 2007) (quoting *Rodriguez-Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir. 2002)). Thus, Lopez-Chavez satisfies all three requirements necessary to sustain a

collateral challenge to his underlying removal.[8]  *See* 8 U.S.C. § 1326(d).

*

For the reasons given above, we reverse the district court and remand for dismissal of the indictment.

**REVERSED and REMANDED.**

---

[8] Accordingly, we need not reach Lopez-Chavez's alternative argument that his crime of conviction is not an aggravated felony under the INA in light of *Moncrieffe*, 133 S. Ct. 1678.  We recently held that the law that governs removability in collateral attack cases is the applicable law at the time the case is decided on appeal.  *United States v. Aguilera-Rios*, No. 12-50597, slip op. at 12–13 (9th Cir. June 17, 2014).  Under *Aguilera-Rios*, *Moncrieffe* is applicable here.