**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PABLO ABNER VILLALBA-ORTEGA, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-73134 <br><br> Agency No. A035-651-121 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Pablo Abner Villalba-Ortega, a native and citizen of Ecuador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for cancellation of

removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

constitutional claims and questions of law. *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012) (order). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary denial of cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Vilchez*, 682 F.3d at 1198. Villalba-Ortega's contentions that the agency applied the incorrect standard in evaluating his claim for cancellation and failed to consider all of the evidence are not supported by the record.

Villalba-Ortega has not established prejudice from alleged ineffective assistance by his former attorney, where he has not demonstrated how additional testimony or different conduct by his attorney may have affected the outcome. *See U.S. v. Lopez-Chavez*, 757 F.3d 1033, 1041 (9th Cir. 2014) ("To establish ineffective assistance of counsel in immigration proceedings in violation of the right to due process, a petitioner must show (1) that 'the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case,' and (2) prejudice.").

Lastly, we lack jurisdiction to consider Villalba-Ortega's unexhausted contentions regarding voluntary departure. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**