**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANK BRYAN DAWSON, | No. 12-72635 |
| Petitioner, | Agency No. A036-991-942 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 18, 2015
San Francisco, California

Before: KLEINFELD, WARDLAW, and PAEZ, Circuit Judges.

Frank Bryan Dawson, a native and citizen of Belize, petitions for review of a

decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an

Immigration Judge's (IJ) order of removal. We have jurisdiction under 8

U.S.C. § 1252(a). We grant the petition.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1.  The BIA erred by denying Dawson's request to be relieved of his former counsel's concession of removability.  A non-citizen is not bound by his attorney's factual admissions or concession of removability where the admissions or concession were "'the result of unreasonable professional judgment,'—i.e., ineffective assistance of counsel." *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 832 (9th Cir. 2011) (citation omitted) (quoting *In re Velasquez*, 19 I. & N. Dec. 377, 383 (B.I.A. 1986)).  Dawson's former counsel conceded removability on the basis of a 2001 removal order despite knowing that, less than three months earlier, a federal magistrate judge had found the 2001 removal order "not legally valid." This concession was not a tactical decision.  Neither the government nor the BIA has identified any benefit this concession might have procured for Dawson; indeed, Dawson's former counsel was not prepared to seek any form of relief for his client. *See United States v. Lopez-Chavez*, 757 F.3d 1033, 1042 (9th Cir. 2014). Moreover, admitting that he was "a little confused" only moments after conceding removability, Dawson's former counsel was unfamiliar with the basic contents of Dawson's Notice to Appear and unaware of the "serious consequences" that attach to a concession of removability.  *Santiago-Rodriguez*, 657 F.3d at 835.  Dawson's former attorney thus "failed to perform with sufficient competence." *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005).

2. The deficient performance of Dawson's former counsel was prejudicial. "In situations, such as this, where an attorney's incompetence prevents an alien from presenting his case altogether, the proceedings are subject to a presumption of prejudice, and we will find that [the alien] has been denied due process if he can demonstrate plausible grounds for relief on his underlying claim." *Santiago-Rodriguez*, 657 F.3d at 835 (citation and internal quotation marks omitted). Dawson had "plausible grounds for relief" because, as a magistrate judge had recently determined, the 2001 removal order upon which the government based its charges was, in fact, unlawful. Dawson's pleading-stage admissions during his 2001 removal proceedings did not establish his removability. *See Pagayon v. Holder*, 675 F.3d 1182, 1189 (9th Cir. 2011) (per curiam); *Perez-Mejia v. Holder*, 663 F.3d 403, 414 (9th Cir. 2011). First, Dawson did not clearly admit that he was convicted of possessing cocaine; rather, he admitted only that "[i]t's claimed" that he was convicted of possessing "a controlled substance involving cocaine." Second, Dawson expressly denied that he was removable under the government's controlled substances charge. Third, the IJ did not "accept[]" Dawson's pleadings as "sufficient to establish removability" and instead entered the "evidentiary stage" of the removal proceedings. *Pagayon*, 675 F.3d at 1189. Specifically, in his November 6, 2001 oral decision, the IJ "placed reliance" upon certain "conviction

documents" and determined that Dawson was removable "on the basis of this evidence." Thus, the IJ could not, and did not, find that Dawson's pleading-stage admissions were sufficient to establish his removability in 2001.

3. The IJ was therefore required to determine whether Dawson's conviction under California Health & Safety Code § 11377(a) constituted a removable offense. *See Perez-Mejia*, 663 F.3d at 414. To make this determination, the IJ was required to apply the modified categorical approach. *Coronado v. Holder*, 759 F.3d 977, 984–85 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 1492 (2015); *see also Taylor v. United States*, 495 U.S. 575, 600–02 (1990). Under the modified categorical approach, Dawson's § 11377(a) conviction was not a removable offense because the judicially noticeable conviction documents did not establish that Dawson possessed any substance prohibited by Section 102 of the Controlled Substances Act. 8 U.S.C. § 1227(a)(2)(B)(i); *see Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1079 (9th Cir. 2007), *abrogated on other grounds by Kwong v. Holder*, 671 F.3d 872 (9th Cir. 2011); *United States v. Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007) (en banc). The IJ failed to conduct this analysis and instead rendered a removal order that was, as a magistrate judge later determined, "not legally valid." Therefore, Dawson has established that the deficient performance of his former counsel deprived him of a persuasive argument against the government's charge of

removability and "*may* have affected the outcome of the proceedings." *Mohammed*, 400 F.3d at 794 (emphasis in original).

We conclude that Dawson has demonstrated the existence of circumstances that justify relieving him of his former attorney's concession of removability. We grant the petition for review and remand to the agency with instructions to grant Dawson's motion to amend his pleadings and withdraw his former attorney's concession of removability.

**Petition for review GRANTED.**

Dawson v. Lynch, 12-72635

KLEINFELD, Senior Circuit Judge, dissenting:

I respectfully dissent.  Dawson cannot demonstrate prejudice because his 2001 pleadings were sufficient to establish his removability.  Accordingly, the BIA did not err in not permitting Dawson to amend his pleadings and withdraw his former attorney's concession of removability.

The 2001 removal order was valid under our current case law.  Dawson admitted during the 2001 immigration hearings that both of his state convictions involved cocaine, and that he was removable and deportable as an aggravated felon.  Based on this admission, the IJ found that he was "removable and deportable under both Section 237(a)(2)(B)(I) and 237(a)(2)(A)(iii) of the Immigration and Nationality Act."  When the IJ gave Dawson the opportunity to replead, he denied being "removable and deportable," but not because the charge did not involve cocaine.  Instead, Dawson thought he should be granted a waiver because "I just got arrested this year in 2001 on this case from 1993 and I pleaded guilty this year."  After this repleading, the IJ explicitly found that Dawson "admitted . . . he was convicted on May 11, 2001 . . . for possession of cocaine,"

1

before moving on to an evidentiary hearing concerning Dawson's "citizenship and relief from removal." Dawson's admissions in 2001 meant that "no further evidence concerning the issues of fact admitted or law conceded [was] necessary" to establish his removability.[1] These admissions also made it unnecessary for the IJ to engage in a modified categorical analysis in 2001.[2]

Because of the preceding facts, Dawson cannot establish that he was legally prejudiced by his previous attorney's admission.[3]

---

[1] Perez-Mejia v. Holder, 663 F.3d 403, 414 (9th Cir. 2011) (emphasis added).

[2] Id. at 415.

[3] Santiago-Rodriguez v. Holder, 657 F.3d 820, 834-35 (9th Cir. 2011).