MEMORANDUM *
Frank Bryan Dawson, a native and citizen of Belize, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an Immigration Judge’s (I J) order of removal. We have jurisdiction under 8 U.S.C. § 1252(a). We grant the petition.
1. The BIA erred by denying Dawson’s request to be relieved of his former counsel’s concession of removability. A non-citizen is not bound by his attorney’s factual admissions or concession of removability where the admissions or concession were “ ‘the result of unreasonable professional judgment,’—i.e., ineffective assistance of counsel.” Santiago- *197 Rodriguez v. Holder, 657 F.3d 820, 832 (9th Cir.2011) (citation omitted) (quoting In re Velasquez, 19 I. & N. Dec. 377, 383 (B.I.A.1986)). Dawson’s former counsel conceded removability on the basis of a 2001 removal order despite knowing that, less than three months earlier, a federal magistrate judge had found the 2001 removal order “not legally valid.” This concession was not a tactical decision. Neither the government nor the BIA has identified any benefit this concession might have procured for Dawson; indeed, Dawson’s former counsel was not prepared to seek any form of relief for his client. See United States v. Lopez-Chavez, 757 F.3d 1033, 1042 (9th Cir.2014). Moreover, admitting that he was “a little' confused” only moments after conceding removability, Dawson’s former counsel was unfamiliar with the basic contents of Dawson’s Notice to Appear and unaware of the “serious consequences” that attach to a concession of removability. Santiago-Rodriguez, 657 F.3d at 835. Dawson’s former attorney thus “failed to perform with sufficient competence.” Mohammed v. Gonzales, 400 F.3d 785, 793 (9th Cir.2005).
2. The deficient performance of Dawson’s former counsel was prejudicial, “In situations, such as this, where an attorney’s incompetence prevents an alien from presenting his case altogether, the proceedings are subject to a presumption of prejudice, and we will find that [the alien] has been denied due process if he can demonstrate plausible grounds for relief on his underlying claim.” Santiago-Rodriguez, 657 F.3d at 835 (citation and internal quotation marks omitted). Dawson had “plausible grounds for relief’ because, as a magistrate judge had recently determined, the 2001 removal order upon which the government based its charges was, in fact, unlawful. Dawson’s pleading-stage admissions during his 2001 removal proceedings did not establish his removability. See Pagayon v. Holder, 675 F.3d. 1182, 1189 (9th Cir.2011) (per curiam); Perez-Mejia v. Holder, 663 F.3d 403, 414 (9th Cir.2011). First, Dawson did not clearly admit that he was convicted of possessing cocaine; rather, he admitted only that “[fit’s claimed” that he was convicted of possessing “a controlled substance involving cocaine.” Second, Dawson expressly denied that he was removable under the government’s controlled. substances charge. Third, the IJ did not “aceept[]” Dawson’s pleadings as “sufficient to establish removability” and instead entered the “evidentiary stage” of the removal proceedings. Pagayon, 675 F.3d at 1189. Specifically, in his November 6, 2001 oral decision, the IJ “placed reliance” upon certain “conviction documents” and determined that Dawson was removable “on the basis of this evidence.” Thus, the IJ could not, and did not, find that Dawson’s pleading-stage admissions were sufficient to establish his removability in 2001.
3. The IJ was therefore required to determine whether Dawson’s conviction under California Health & Safety Code § 11377(a) constituted a removable offense. See Perez-Mejia, 663 F.3d at 414. To make this determination, the IJ was required to apply the modified categorical approach, Coronado v. Holder, 759 F.3d 977, 984-85 (9th Cir.2014), cert. denied, — U.S. -, 135 S.Ct. 1492, 191 L.Ed.2d 430 (2015); see also Taylor v. United States, 495 U.S. 575, 600-02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Under the modified categorical approach, Dawson’s § 11377(a) conviction was not a removable offense because the judicially noticeable conviction documents did not establish that Dawson possessed any substance prohibited by Section 102 of the Controlled Substances Act. 8 U.S.C. § 1227(a)(2)(B)(i); see Ruiz-Vidal v. Gon *198 zales, 473 F.3d 1072, 1079 (9th Cir.2007), abrogated on other grounds by Kwong v. Holder, 671 F.3d 872 (9th Cir.2011); United States v. Vidal, 504 F.3d 1072, 1087 (9th Cir.2007) (en banc). The IJ failed to conduct this analysis and instead rendered a removal order that was, as a magistrate judge later determined, “not legally valid.” Therefore, Dawson has established that the deficient performance of his former counsel deprived him of a persuasive argument against the government’s charge of removability and “may have affected the outcome of the proceedings.” Mohammed, 400 F.3d at 794 (emphasis in original).
We conclude that Dawson has demonstrated the existence of circumstances that justify relieving him of his former attorney’s concession of removability. We grant the petition for review and remand to the agency with instructions to grant Dawson’s motion to amend his pleadings and withdraw his former attorney’s concession of removability.
Petition for review GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.