NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

  v.

WHILBERT ORDUNA, AKA Whilbert
Orduna Guevara, AKA Whilbert Orduna-
Guevara,

      Defendant - Appellant.

No. 24-7565

D.C. No.
2:24-cr-00096-SMM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Submitted March 4, 2026[**]
Phoenix, Arizona

Before: HAWKINS, BYBEE, and FRIEDLAND, Circuit Judges.

Defendant Whilbert Orduna appeals his conviction for re-entry under 8

U.S.C. § 1326(a). Defendant contends that his removal order was "fundamentally

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

unfair" because he received ineffective assistance of counsel.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's decision denying the motion to dismiss the indictment under 8 U.S.C. § 1326(d).  *United States v. Nunez*, 140 F.4th 1157, 1162 (9th Cir. 2025).  A defendant who has been indicted under 8 U.S.C. § 1326(a) "may establish the invalidity of the predicate removal order by showing that: (1) 'the alien exhausted any administrative remedies that may have been available' to contest the order; (2) the deportation proceedings that led to the order 'improperly deprived the alien of the opportunity for judicial review'; and (3) the removal order was 'fundamentally unfair.'"  *United States v. Portillo-Gonzalez*, 80 F.4th 910, 916 (9th Cir. 2023) (quoting 8 U.S.C. § 1326(d)).

The district court did not err in denying Defendant's motion to dismiss the indictment on the grounds that Defendant failed to demonstrate that he received ineffective assistance of counsel, and thus failed to demonstrate that the removal order was fundamentally unfair.  "A claim of ineffective assistance of counsel requires a showing of inadequate performance and prejudice."  *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015).

Even if Defendant could demonstrate that his counsel's performance was deficient, he cannot demonstrate prejudice.  Defendant fails to provide evidence

that he would have received cancellation of removal had his counsel not withdrawn his application. Cancellation of removal is a discretionary form of relief, *Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012), and it requires a showing of "exceptional and extremely unusual hardship" to a noncitizen's United States citizen relatives under 8 U.S.C. § 1229b(b)(1)(D). Defendant has not provided any evidence that his children, both United States citizens, would suffer any exceptional or unusual hardship, so he has shown no reason that he would have qualified for cancellation of removal. Moreover, the Immigration Judge ("IJ") denied Defendant's request for voluntary removal based on his criminal history and his attempt to smuggle drugs into the detention facility where he was being held at the time. Defendant has not offered any reason to believe that the IJ would have exercised her discretion differently to grant him cancellation of removal.[1]

**AFFIRMED.**

---

[1] Because Defendant cannot demonstrate that that he received ineffective assistance of counsel, we need not address Defendant's argument that the holding in *United States v. Lopez-Chavez*, 757 F.3d 1033 (9th Cir. 2014), that a showing of ineffective assistance of counsel excuses the administrative exhaustion requirement of 8 U.S.C. § 1326(d)(1), remains good law after *United States v. Palomar-Santiago*, 593 U.S. 321 (2021).