**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 8 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. ELANO SERRANO ZUNIGA, AKA Elano Serrano, Appellant. | No. 25-257 D.C. No. 8:21-cr-00072-DOC-1 MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted March 2, 2026
Pasadena, California

Before: WARDLAW and DE ALBA, Circuit Judges, and BROWN, District Judge.**

Elano Serrano Zuniga entered a conditional guilty plea to the charge of

illegal reentry under 8 U.S.C. § 1326. He now appeals the district court's denial of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

his motion to dismiss the indictment pursuant to 8 U.S.C. § 1326(d). Zuniga collaterally attacks the underlying removal order, arguing that ineffective assistance of immigration counsel rendered the proceedings fundamentally unfair and deprived him of meaningful judicial review within the meaning of § 1326(d). We have jurisdiction under 28 U.S.C. § 1291, and we vacate the judgment of conviction and reverse the denial of the motion to dismiss.

1. The district court correctly concluded that Zuniga satisfied § 1326(d)(1)'s administrative exhaustion requirement. A defendant exhausts available administrative remedies by appealing the immigration judge's ("IJ") decision to the Board of Immigration Appeals ("BIA"). *See United States v. Palomar-Santiago*, 593 U.S. 321, 327 (2021). Zuniga met this requirement by appealing the IJ's removal order to the BIA. The government's argument that Zuniga failed to exhaust administrative remedies because he did not raise ineffective assistance of counsel before the BIA is unpersuasive. Exhaustion of administrative remedies and issue exhaustion are analytically distinct. *See Carr v. Saul*, 593 U.S. 83, 88 n.2 (2021). Zuniga pursued the full administrative review process available to him and therefore satisfied § 1326(d)(1).

2. The district court erred in concluding that Zuniga failed to demonstrate that the removal proceedings improperly deprived him of the opportunity for judicial review under § 1326(d)(2). The government contends, and the district

court reasoned, that Zuniga cannot meet this requirement because he could have petitioned this court for review of the BIA's decision but failed to do so. That argument overlooks the nature of Zuniga's claim. Zuniga alleges ineffective assistance of counsel, a procedural defect that can functionally foreclose meaningful review. *See United States v. Lopez-Chavez*, 757 F.3d 1033, 1044 (9th Cir. 2014). Unlike the substantive immigration-law error at issue in *United States v. Portillo-Gonzalez*, 80 F.4th 910, 918 (9th Cir. 2023), which further review could have corrected, Zuniga's claim concerns counsel's failure to present and argue the only form of relief for which he was eligible: pre-conclusion voluntary departure. The same counsel continued representing Zuniga before the BIA and never raised the claim that he himself was constitutionally ineffective. Consequently, this court could not have considered the claim on direct review. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003). In these circumstances, the formal availability of a petition for review does not defeat Zuniga's showing that he was deprived of meaningful judicial review. *See United States v. Valdivias-Soto*, 112 F.4th 713, 731–33 (9th Cir. 2024) (emphasizing that courts must consider the "real-world workings" of the immigration system when evaluating the availability of remedies within the meaning of § 1326(d)).

3. Zuniga also established that the entry of the removal order was fundamentally unfair under § 1326(d)(3). To demonstrate fundamental unfairness,

a defendant must show both a due process violation and resulting prejudice. *United States v. Nunez*, 140 F.4th 1157, 1167 (9th Cir. 2025) (concluding that "fundamentally unfair" under § 1326(d)(3) means noncitizens "must show that they have been denied due process under the Fifth Amendment" (citation omitted)); *see also Rodriguez-Lariz v. I.N.S.*, 282 F.3d 1218, 1226 (9th Cir. 2002) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed.").

Ineffective assistance of counsel in immigration proceedings may constitute a due process violation where counsel's performance prevents the noncitizen "from reasonably presenting his case." *See Jie Lin v. Ashcroft*, 377 F.3d 1014, 1023–24 (9th Cir. 2004) (citations omitted). Here, Zuniga's counsel pursued cancellation of removal and post-conclusion voluntary departure despite Zuniga's statutory ineligibility for those forms of relief, and failed to pursue pre-conclusion voluntary departure, the only form of relief for which Zuniga was legally eligible. The record reflects repeated skepticism by the IJ regarding Zuniga's eligibility for the relief counsel sought. Counsel nonetheless continued pursuing those statutorily-barred theories, resulting in the denial of relief and an order of removal. Counsel's decision to not pursue the only claim of relief available to Zuniga prevented him from presenting the only viable claim he had.

Zuniga has also demonstrated prejudice. "To prove prejudice, [Zuniga] need

not show that he actually would have been granted relief; rather, he must show only that he had a 'plausible' basis for seeking relief from deportation." *United States v. Pallares-Galan*, 359 F.3d 1088, 1103 (9th Cir. 2004). Pre-conclusion voluntary departure was legally available to Zuniga. Although the discretionary grant of voluntary departure requires the IJ to balance positive and negative equities, *see United States v. Rojas-Pedroza*, 716 F.3d 1253, 1264–65 (9th Cir. 2013), the record reflects that the IJ found Zuniga's positive equities sufficient to warrant the grant of an immigration bond in 2003, shortly before the 2004 removal order. As such, Zuniga had at least a plausible basis for seeking voluntary departure. *Cf. id.* at 1265 (concluding that "it is not plausible that an IJ would have exercised discretion" with respect to pre-conclusion voluntary departure where the "record showed *no positive equities*, other than [the noncitizen's] intermittent stays in the United States" (emphasis added)). Counsel's ineffective assistance therefore both violated due process and prejudiced Zuniga. Accordingly, the removal proceedings were fundamentally unfair within the meaning of § 1326(d)(3). *See Lopez-Chavez*, 757 F.3d at 1044.

Because Zuniga has satisfied each of § 1326(d)'s requirements, he may collaterally attack the underlying removal order. *See Palomar-Santiago*, 593 U.S. at 326. Without a valid removal order, the government cannot establish an essential element of the § 1326 offense. *See United States v. Mendoza-Lopez*, 481

U.S. 828, 838–39 (1987).

**REVERSED, JUDGMENT VACATED** and **REMANDED** with

instructions to dismiss the indictment.