NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAFAEL RODRIGUEZ ZARAGOZA,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No.  20-71287<br><br>Agency No. A205-158-377<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 24, 2026**
San Francisco, California

Before:  S.R. THOMAS, CHRISTEN, and FORREST, Circuit Judges.

Petitioner Rafael Rodriguez Zaragoza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) decision denying his appeal from the Immigration Judge's (IJ) denial of his application for cancellation of removal. We deny the petition.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

***1.*** ***Notice to Appear.*** Rodriguez Zaragoza's initial Notice to Appear (NTA) did not include a date and time, meaning it was statutorily defective. *See Niz-Chavez v. Garland*, 593 U.S. 155, 160–62 (2021); 8 U.S.C. § 1229(a). A proper NTA is not a jurisdictional requirement and, as a claim-processing rule, is subject to the demands of exhaustion. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc); *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Exhaustion requires non-constitutional legal claims to have been raised first in the administrative proceedings in a manner that is sufficient to put the BIA on notice of what the petitioner is challenging. *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020); 8 U.S.C. § 1252(d)(1). Rodriguez Zaragoza did not exhaust the non-jurisdictional issue now advanced.

Additionally, a removal order entered in absentia is valid and may not be set aside if the petitioner received either a proper NTA *or* a proper Notice of Hearing for the proceeding in which the order was entered. *Campos-Chaves v. Garland*, 602 U.S. 447, 459–61 (2024). If a removal order entered in absentia may not be set aside even where the NTA was technically defective, an order entered following a hearing where the petitioner was present and had a full opportunity to present his evidence and arguments need not be either. Therefore, we do not set aside Rodriguez Zaragoza's removal order on this ground.

*2.      Cancellation of Removal.* Rodriguez Zaragoza raises numerous arguments for why the agency erred in denying him cancellation of removal, including that the agency failed to consider each eligibility requirement and failed to make a credibility finding relating to the hardship requirement. We largely lack jurisdiction over these issues. To obtain cancellation of removal, a petitioner must satisfy several mandatory statutory requirements, including "that removal would result in exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). A hardship meets the statutory standard only if it is "exceedingly uncommon" and "deviate[s], in the extreme, from the norm" expected when a close family member is required to leave the country. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025). While we have jurisdiction to review the agency's determination of whether a qualifying hardship exists based on the facts presented, we do not have jurisdiction to review the agency's underlying factual findings. *Wilkinson v. Garland*, 601 U.S. 209, 221–22, 225 (2024). Furthermore, because cancellation of removal is ultimately a discretionary decision, we lack jurisdiction to review the agency's decision whether to grant this relief. *Id.* at 225 n.4.

We review the agency's determination that Rodriguez Zaragoza failed to demonstrate the requisite hardship for substantial evidence. *Gonzalez-Juarez*, 137 F.4th at 1003. We may grant the petition only when "the evidence not only supports[]

but compels the conclusion" that the BIA's "findings and decisions are erroneous." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (citation omitted) (as amended). Further, "[w]here the BIA cites *Matter of Burbano* and does not express any disagreement with the IJ's decision, we review the IJ's decision as if it were the BIA's." *E.g. Cinapian v. Holder*, 567 F.3d 1067, 1073 (9th Cir. 2009) (citing *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc)).

The agency did not err in concluding that Rodriguez Zaragoza failed to prove a qualifying hardship. Rodriguez Zaragoza testified that his primary concern was that his family would suffer financially if he were removed. This does not deviate in the extreme from the normal hardship suffered in this context. *Cf. Gonzalez-Juarez*, 137 F.4th at 1003, 1006 (examining similar circumstances). And Rodriguez Zaragoza's argument that the IJ failed to make a credibility determination is without merit—the IJ's decision indicated that Rodriguez Zaragoza "testified credibly." Because the hardship requirement was not satisfied, the agency was not required to analyze the remaining statutory requirements. *See* 8 U.S.C. § 1229b(b)(1). We lack jurisdiction to consider Rodriguez Zaragoza's remaining contentions, including that the agency erred in denying him the relief he sought.

***3.   Due-Process Claims.*** Rodriguez Zaragoza argues that his counsel before the IJ provided ineffective assistance, violating his due-process rights. Ineffective-assistance-of-counsel (IAC) claims arising out of immigration

proceedings are evaluated under the Fifth Amendment's Due Process Clause. *United States v. Lopez-Chavez*, 757 F.3d 1033, 1041 (9th Cir. 2014). To establish an IAC claim, Rodriguez Zaragoza must show that the proceeding was so fundamentally unfair that he was prevented from reasonably presenting his case, *id.*, and that he was prejudiced by his counsel's representation, *Mohammed v. Gonzales*, 400 F.3d 785, 793–94 (9th Cir. 2005). Due-process claims are reviewed de novo. *Id.* at 791–92. To exhaust an IAC claim, a petitioner must make a motion to reopen with the BIA. *E.g.*, *Ontiveros-Lopez v. I.N.S.*, 213 F.3d 1121, 1124 (9th Cir. 2000).

While Rodriguez Zaragoza raised due-process concerns regarding the IJ's hardship determination before the BIA, he did not raise IAC. Therefore, this issue is not exhausted, and Rodriguez Zaragoza is entitled to relief only if he can show that the "ineffectiveness of counsel was plain on its face." *Guan v. Barr*, 925 F.3d 1022, 1033 (9th Cir. 2019) (quoting *Tamang v. Holder*, 598 F.3d 1083, 1090 (9th Cir. 2010)). This he cannot do because the record does not demonstrate that he was "prevented from reasonably presenting his case," *Lopez-Chavez*, 757 F.3d at 1041, or prejudiced by his counsel's claimed failures, *Mohammed*, 400 F.3d 793–94.

**4.** ***Voluntary Departure.*** Finally, Rodriguez Zaragoza argues that the agency improperly granted him voluntary departure. Whether to grant voluntary departure is a discretionary decision over which courts do not have jurisdiction. 8 U.S.C. § 1252(a)(2)(B)(i); 8 U.S.C. § 1229c(f). Even if we had jurisdiction,

Rodriguez Zaragoza himself requested this relief in the alternative to his request for cancellation of removal.[1]

**PETITION DISMISSED IN PART AND DENIED IN PART.**[2]

---

[1]To the extent Rodriguez Zaragoza contends that this court should remand because he would like to file claims for asylum and protection under the Convention Against Torture, these claims are unexhausted.

[2]The temporary stay of removal entered by the court is hereby lifted and Rodriguez Zaragoza's motion for a stay (Dkt. 5) is **DENIED**.