NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 30 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EYAMA LINDA BIH AUTHUR,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 11-70723

Agency No. A097-117-518

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2015
San Francisco, California

Before: SCHROEDER and SILVERMAN, Circuit Judges and GARBIS,[**] Senior
District Judge.

Eyama Linda Bih Authur ("Authur"), a native and citizen of Cameroon,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

her motion to reopen deportation proceedings based on ineffective assistance of

counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.
[**]    The Honorable Marvin J. Garbis, Senior District Judge for the U.S.
District Court for the District of Maryland, sitting by designation.

of discretion the denial of a motion to reopen, and review de novo claims of due process violations, including claims of ineffective assistance of counsel in immigration proceedings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We **GRANT** the petition and **REMAND** for further proceedings.

"A motion to reopen is a traditional procedural mechanism in immigration law with a basic purpose that has remained constant—to give aliens a means to provide new information relevant to their cases to the immigration authorities." *Meza-Vallejos v. Holder*, 669 F.3d 920, 924 (9th Cir. 2012) (quoting *Azarte v. Ashcroft*, 394 F.3d 1278, 1283 (9th Cir. 2005)). A motion to reopen, unlike a motion to reconsider, is not based on the existing record. *Iturribarria v. I.N.S.*, 321 F.3d 889, 896-97 (9th Cir. 2003). The facts presented have never been before an Immigration Judge and have never been subject to a credibility determination. As such, the BIA is generally required to accept the petitioner's affidavits as true unless inherently unbelievable. *Limsico v. I.N.S.*, 951 F.2d 210, 213 (9th Cir. 1991). Further, "the Board must show proper consideration of all factors, both favorable and unfavorable, in determining whether to grant a motion to reopen, and must articulate its reasons for denying such a motion." *Bhasin v. Gonzales*, 423 F.3d 977, 983-84 (9th Cir. 2005) (internal citations omitted).

2

The BIA abused its discretion in denying Authur's motion to reopen because it failed to accept the facts in her affidavit as true, it failed to make any specific finding that her affidavit was inherently unbelievable, and it failed to consider any factors favorable to the motion. The BIA, assuming Authur's credibility, should have considered whether counsel, to be found sufficiently competent, had a duty to investigate the potential claims that Authur may have had, particularly under the circumstances where she had prepared her application without assistance of counsel.

"[I]f an individual chooses to retain counsel, his or her due process right 'includes a right to *competent representation*.'" *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008) (quoting *Ray v. Gonzales*, 439 F.3d 582, 587 (9th Cir. 2006)). The right to a full and fair presentation of an alien's claim "includes the right to have an attorney who would present a viable legal argument . . . supported by relevant evidence . . . ." *United States v. Lopez-Chavez*, 757 F.3d 1033, 1041 (9th Cir. 2014) (internal citation omitted).

There is no need to look further than Fed. R. Civ. P. 11 to find authority to support a requirement for an attorney to conduct a reasonable and competent inquiry. The *Lopez-Chavez* Court noted that counsel's failure to do even minimal legal research constituted ineffective assistance, and stated that "[i]n cases in

3

which an attorney did not make a considered determination as to the viability of arguments that would benefit an alien, we have held that the alien received ineffective assistance." 757 F.3d at 1041.

When Authur first met with her attorney, she provided him with a draft asylum application that she had filled out with the assistance of a non-attorney acquaintance who had come to her apartment building. Authur avers that her prior attorneys did not elicit from her any information about who prepared the application or about her background. She claims the attorneys never inquired about whether there were any other reasons why she feared going back to Cameroon. Her original lawyer simply filed the draft application, misspellings and all.

This was clearly deficient performance. Not only was domestic abuse a topic not discussed in her culture, but she had no reason to know it may provide the grounds for any asylum claim without counsel's informing her of the possibility. Taking Authur's statements as true, it is evident that her attorneys failed to investigate her case such that she could develop a record and reasonably present her case for asylum on the basis of domestic violence.

For Authur to prevail on her ineffective assistance of counsel claim, she must establish not only that counsel failed to perform with sufficient competence, but also that she was prejudiced because the lack of competence may have affected

4

the outcome of the proceedings.  *Mohammed*, 400 F.3d at 793-94.   On remand, the BIA must decide whether Authur met the remaining requirements to reopen removal proceedings.  *See id.*

**PETITION FOR REVIEW GRANTED; REMANDED.**

Authur v. Holder, 11-70723

SILVERMAN, Circuit Judge, dissenting:

I take as true the petitioner's declaration accompanying her motion to reopen. She says that on her first meeting with her lawyer, she presented him with an asylum application containing a written account of the persecution she suffered because of her political opinion. She says she thereafter went to his office "several times" and discussed the asylum application with him.

At the hearing before the immigration judge, she recounted her story of political persecution. When asked by her lawyer the open-ended question, "What would happen to you if you went back to Cameroon now?", she replied, "And if I go back to Cameroon. Then I'll go back to life in prison. I don't think that would leave me a life."

At no time did she disclose to her original lawyer, or to the immigration judge, or to the different lawyer she hired to handle her appeal to the BIA, that she claims to have been the victim of domestic violence – that is, she made no such disclosure until *after* her political asylum application had been denied, the denial

had been affirmed by the Board of Immigration Appeals, and we denied a petition for review.

To succeed now, petitioner has to get past two high hurdles. First, she has to rebut the "strong presumption" that her lawyers were competent. *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011); *Strickland v. Washington*, 466 U.S. 668, 690 (1984); *Torres-Chavez v. Holder*, 567 F.3d 1096, 1100 (9th Cir. 2009) (applying *Strickland* in immigration setting). In this case, that means that petitioner has to show that her lawyers performed below professional standards in not pursuing a *domestic violence claim* when she came to them looking for help with a *political opinion claim*, and never mentioned domestic violence despite several office consultations. Second, she has to show that the BIA abused *its* discretion in holding that petitioner failed to show that the lawyers performed deficiently. Petitioner falls short at both levels.

As for rebutting the presumption of professional competence, Petitioner has come forward with no case authority for the proposition that when a client contacts a lawyer seeking help with a claim of asylum premised on political opinion – and even presents him with a written statement of the factual basis for the claim – the

lawyer is duty-bound to suggest to the client *other,* unrelated bases for asylum. Nor has petitioner come forward with secondary authority for that proposition, such as American Bar Association guidelines or the like. She hasn't even produced the declaration of an expert in immigration law opining that her lawyers failed to meet the standard of care required of counsel in a case like this.

In other words, there is no legal basis to conclude that the lawyers performed deficiently when they prosecuted only the claim they were hired to prosecute. It therefore follows that the BIA did not abuse its discretion in denying the motion to reopen premised on ineffective assistance of counsel. I would deny the petition for review.