MEMORANDUM **
Eyama Linda Bih Authur (“Authur”), a native and citizen of Cameroon, petitions for review of the Board, of Immigration Appeals’ (“BIA”) order denying her motion to reopen deportation proceedings based on ineffective assistance of counsel. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations, including claims of ineffective assistance of counsel in immigration proceedings. Mohammed v. Gonzales, 400 F.3d 785, 791-92 (9th Cir.2005). We GRANT the petition and REMAND for further proceedings.
“A motion to reopen is a traditional procedural mechanism in immigration law with a basic purpose that has remained constant — to give aliens a means to provide new information relevant to then-cases to the immigration authorities.” Mezar-Vallejos v. Holder, 669 F.3d 920, 924 *487 (9th Cir.2012) (quoting Azarte v. Ashcroft, 394 F.3d 1278, 1283 (9th Cir.2005)). A motion to reopen, unlike a motion to reconsider, is not based on the existing record. Iturribarria v. I.N.S., 321 F.3d 889, 896-97 (9th Cir.2003). The facts presented have never been before an Immigration Judge and have never been subject to a credibility determination. As such, the BIA is generally required to accept the petitioner’s affidavits as true unless inherently unbelievable. Limsico v. I.N.S., 951 F.2d 210, 213 (9th Cir.1991). Further, “the Board must show proper consideration of all factors, both favorable and unfavorable, in determining whether to grant a motion to reopen, and must articulate its reasons for denying such a motion.” Bhasin v. Gonzales, 423 F.3d 977, 983-84 (9th Cir. 2005) (internal citations omitted).
The BIA abused its discretion in denying Authur’s motion to reopen because it failed to accept the facts in her affidavit as true, it failed to make any specific finding that her affidavit was inherently unbelievable, and it failed to consider any factors favorable to the motion. The BIA, assuming Authur’s credibility, should have considered whether counsel, to be found sufficiently competent, had a duty to investigate the potential claims that Authur may have had, particularly under the circumstances where she had prepared her application without assistance of counsel.
“[I]f an individual chooses to retain counsel, his or her due process right ‘includes a right to competent representation.”’ Hernandez v. Mukasey, 524 F.3d 1014, 1017 (9th Cir.2008) (quoting Ray v. Gonzales, 439 F.3d 582, 587 (9th Cir. 2006)). The right to a full and fair presentation of an alien’s claim “includes the right-to have an attorney who would present a viable legal argument ... supported by relevant evidence____” United States v. Lopez-Chavez, 757 F.3d 1033, 1041 (9th Cir.2014) (internal citation omitted).
There is no need to look further than Fed.R.Civ.P. 11 to find authority to support a requirement for an attorney to conduct a reasonable and competent inquiry. The Lopez-Chavez Court noted that counsel’s failure to do even minimal legal research constituted ineffective assistance, and stated that “[i]n cases in which an attorney did not make a considered determination as to the viability of arguments that would benefit an alien, we have held that the alien received ineffective assistance.” 757 F.3d at 1041.
When Authur first met with her attorney, she provided him with a draft asylum application that she had filled out with the assistance of a non-attorney acquaintance who had come to her apartment building. Authur avers that her prior attorneys did not elicit from her any information about who prepared the application or about her background. She claims the attorneys never inquired about whether there were any other reasons why she feared going back to Cameroon. Her original lawyer simply filed the draft application, misspellings and all.
This was clearly deficient performance. Not only was domestic abuse a topic not discussed in her culture, but she had no reason to know it may provide the grounds for any asylum claim without counsel’s informing her of the possibility. Taking Authur’s statements as true, it is evident that her attorneys failed to investigate her-case such that she could develop a record and reasonably present her ease for asylum on the basis of domestic violence.
For Authur to prevail on her ineffective assistance of counsel claim, she must establish not only that counsel failed to perform with sufficient competence, but also that she was prejudiced because the lack of competence may have affected the out *488 come of the proceedings. Mohammed, 400 F.3d at 793-94. On remand, the BIA must decide whether Authur met the remaining requirements to reopen removal proceedings. See id.
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.